Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CHRISTOPHER ORTIZ CRUZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | KLRA202300469 | *REVISIÓN* procedente del Departamento de Corrección y Rehabilitación<br>_____<br><br>Número de Solicitud: ICSH-34-23<br>_____<br><br>Sobre: Daños en Violación de Derechos Civiles |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de octubre de 2023.

Por derecho propio, un miembro de la población correccional nos solicita que revisemos la forma en que el Departamento de Corrección y Rehabilitación ("Corrección") contestó una solicitud de remedio administrativo relacionada con la fecha de elegibilidad para ser considerado por la Junta de Libertad bajo Palabra (la "Junta"). Según se explica en detalle a continuación, nos vemos obligados a desestimar el recurso por haberse presentado luego de expirado el término jurisdiccional correspondiente.

I.

En mayo de 2023, el Sr. Christopher Ortiz Cruz (el "Recurrente") presentó ante Corrección una Solicitud de Remedio Administrativo. Sostuvo que, bajo la Ley 85-2022, ya era elegible para ser considerado por la Junta, pues había cumplido la mayor de las dos sentencias que debía extinguir en una institución correccional. Corrección respondió que se le estaba "dando

seguimiento a los casos que le aplique dicha ley", le solicitó "paciencia" y le informó que le llamaría tan pronto se pudiese.

El Recurrente presentó una "reconsideración". Sostuvo que ya había cumplido la mayor de sus sentencias, por lo que, bajo la Ley 85-2022, ya era elegible para ser considerado por la Junta.

Mediante un escrito notificado al Recurrente el **21 de junio**, la Coordinadora le notificó al Recurrente que su "sentencia .. es una mixta", donde las correspondientes a "las leyes de armas" se cumplen "dentro de la institución de manera natural" y las demás "en la libre comunidad en sentencia suspendida". Corrección estimó que, por dicha razón, el Recurrente "no cuenta con un mínimo de sentencia" y "no le aplica la Ley 85-2022".

El **24 de agosto**, el Recurrente presentó el recurso que nos ocupa. Le concedimos a Corrección un término para consignar su postura.

Corrección compareció, acompañando copia del expediente de la solicitud de remedio de referencia. Solicitó la desestimación del recurso por haberse presentado de forma tardía. Resolvemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro,

pues este "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre... puesto que su presentación carece de eficacia y no produce ningún efecto jurídico...". *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

La Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.57, establece que el término para presentar el recurso de revisión es de "treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia".  Dicho término es de carácter jurisdiccional, por lo cual no puede ser prorrogado por justa causa. *Martínez Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 7 (2000).

III.

Concluimos que procede la desestimación del recurso, por no haberse presentado dentro del término jurisdiccional correspondiente.

Surge claramente del récord que el Recurrente recibió la respuesta a su reconsideración el 21 de junio de 2023.  Así pues, el término de 30 días para acudir ante este Tribunal expiró el 20 de julio, más de un mes antes de la fecha en que se suscribió el recurso que nos ocupa (24 de agosto).

Así pues, concluimos que procede la desestimación del recurso que nos ocupa, pues el mismo no fue presentado dentro del término jurisdiccional aplicable.  Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*; *Arriaga Rivera v. Fondo del Seguro del Estado,* 145 DPR 122 (1998).

IV.

Por los fundamentos antes expuestos, se desestima el recurso de referencia por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones